UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**ALIX FRECK,**

    **Plaintiff,**

vs.                                   CASE NO.: 1:20-cv-00217-AW-GRJ
                                                          **JURY DEMANDED**

**ALACHUA COUNTY LIBRARY
DISTRICT,**

    **Defendant.**

_____/

## **AMENDED COMPLAINT**

Plaintiff, Alix Freck (hereinafter "Freck"), hereby sues Defendant, Alachua County Library District (hereinafter "ACLD"), and alleges the following:

## **JURISDICTION AND VENUE**

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, and 1343, as this action arises under the First Amendment of the Constitution of the United States of America and 42 U.S.C. §§ 1983, 1985. Declaratory and injunctive relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202.

2. Venue is proper in this court under 28 U.S.C. § 1391 because Defendant Alachua County Library District exists in this District and the acts and actions which give rise to the claims asserted in this Complaint occurred in this District.

3. This Court has personal jurisdiction over the Defendant in this action because its unconstitutional and unlawful actions occurred in the State of Florida.

## THE PARTIES[1]

4. Plaintiff Alix Freck resides in Alachua County, Florida. At the time of the incidents giving rise to her claims, Freck was an employee at Alachua County Library District.

5. Defendant Alachua County Library District is a political subdivision of the State of Florida organized and existing under Title XVIII of the Florida Statutes, which governs the operation and policies of the public libraries within the state. The ACLD maintains its principal office at 401 East University Avenue, Gainesville, Florida 32601.

6. Shaney Livingston is, and at all relevant times hereafter mentioned was, the Library Director of Alachua County Library District.

7. Joyce West is, and at all relevant times hereafter mentioned was, the Public Services Division Director of Alachua County Library District.

8. Wantanisha Morant is, and at all relevant times hereafter mentioned was, the Human Resources Director of Alachua County Library District.

---

[1] The individuals listed in paragraphs 6-9 are not parties to this lawsuit, but rather, are listed because they are relevant witnesses.

9. Emily Young is, and at all relevant times hereafter mentioned was, the Public Services Administrator of Alachua County Library District.

## FACTS

10. Freck was employed with ACLD in Alachua County, Florida starting in April 2012.

11. At all relevant times, Freck was an employee of ACLD.

12. Freck never received any discipline during her career at ACLD and was in fact promoted to a supervisory position in February 2020 resulting in a six-month probationary period.

13. On or about June 3, 2020 Freck posted on her Facebook account, a video made by a pair of YouTube content creators, speaking on the recent Black Lives Matter political movement.

14. On or about June 4, 2020, a coworker and friend of Freck made her own post regarding the recent Black Lives Matter political movement and Freck commented on this post describing her personal views on the movement. Freck and this coworker/friend frequently discussed political matters together.

15. Subsequently, another coworker saw the June 4th post with Freck's commentary and decided to join the discussion. This coworker expressed her disagreement with Freck's political opinion.

16. Freck had also previously made Facebook posts and commentary regarding her political opinion surrounding firearm ownership and use.

17. The ACLD's technology, accounts, or internet connection was not used to create the Facebook posts described above, nor was Freck on ACLD grounds or at any work-related events when the post was made.

18. According to ACLD, some of Freck's coworkers saw the posts on Facebook and reported them to the ACLD administration.

19. On or about June 8, 2020, Livingston and Morant met with Freck to discuss the above mentioned posts and commentary and advised Freck that her coworkers were upset by her posts and commentary and further, that they were seeking legal advice from ACLD's legal team on how to proceed.

20. During the June 8th meeting, Defendant Livingston further advised Freck not to post anything on Facebook and that this situation would not be mentioned in her file and that she would not be disciplined.

21. Freck deleted her Facebook account as a result of the June 8th meeting.

22. On or about June 23, 2020, Freck met with Young, West, Morant, and Livingston where Young provided Freck a copy of a memorandum terminating Freck's probation and demoting her.

23. At the June 23rd meeting, Freck requested to be placed in a different position than the one offered to her so that her commute would be more convenient,

but she ultimately gave notice of resignation from her employment with ACLD on or about June 24, 2020, pursuant to a constructive discharge.

24. Despite the fact that the posts and commentary were not created at the workplace, outside of work hours, and without any connection to ACLD, and that the post unequivocally did not cause any inability for Freck to supervise, ACLD immediately subjected Freck to demotion for speech that was on a matter of public concern occurring outside of her official duties.

25. At all times material hereto, ACLD had in effect a Social Media Directive which permits ACLD authorities to impose discipline upon an employee for conduct that violates state and federal law as well as conduct that is not in line with generally accepted professional/ethical standards, conduct that represents ACLD negatively, and conduct that would disrupt library operations and processes.

26. Upon information and belief, Young, West, Morant, and Livingston made the decision to demote Freck for her speech.

27. The demotion resulted in Freck's constructive employment termination from ACLD since her earning capacity was severely diminished with no possible recovery in sight.

# COUNT I
**VIOLATION OF THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION, 42 U.S.C. § 1983 AND § 1988 – PUNISHMENT**

28. Freck re-alleges and re-avers paragraphs one (1) through twenty-seven (27) of the Complaint as if set forth herein.

29. Freck's Facebook communication away from the workplace constitutes speech protected by the First Amendment to the United States Constitution, as applied to the States through the Due Process Clause of the Fourteenth Amendment.

30. A public employer cannot punish a public employee for exercising her free speech rights when the speech is on a matter of public concern, made as a private citizen.

31. Moreover, even if public employers have the authority to punish public employees for speech on matters of public concern made as private citizens, Freck's speech did not restrict the operational efficiency of the public employer.

32. The Facebook posts were not directed at ACLD or to anyone employed at ACLD or who visited ACLD, therefore there was no specific or significant fear of future restrictions of the operational efficiency of the public employer.

33. Defendant's punishment of Freck violated clearly established constitutional rights.

# COUNT II
**VIOLATION OF THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION, 42 U.S.C. § 1983 AND § 1988 – POLICIES**

34. Freck re-alleges and re-avers paragraphs one (1) through twenty-seven (27) of the Complaint as if set forth herein.

35. The ACLD's Social Media Directive permits ACLD authorities to impose discipline upon an employee for conduct that violates state and federal law as well as conduct that is not in line with generally accepted professional/ethical standards, conduct that represents ACLD negatively, and conduct that would disrupt library operations and processes.

36. ACLD may not punish employees for speech made as a private citizen on matters of public concern that is otherwise protected by the First Amendment.

37. The ACLD's Code of Conduct is vague and overbroad and resulted in Freck being disciplined for constitutionally protected speech and/or expressive conduct made as a private citizen on matters of public concern.

WHEREFORE, Plaintiff requests that the court order relief against the Defendant and in favor of Plaintiff as follows:

A. A declaration that Defendant's conduct as set forth above violated Freck's constitutional right to free speech under the United States Constitution.

B. Preliminary and permanent injunctive relief against Defendant,

including:

i. Requiring Defendant to place a corrective statement in Freck's personnel record file noting that she was unconstitutionally disciplined and her free speech rights were violated;

ii. Enjoining Defendant from any further attempts to regulate, discipline, or punish other public employees based on their constitutionally protected speech on matters of public concern made as private citizens;

iii. Ordering Defendant to permanently revise the ACLD Social Media Directive and other policies and procedures that facilitated the unconstitutional intrusion upon Freck's constitutional rights in order to safeguard the constitutional rights of public employees at ACLD by making clear that Defendant has no authority to regulate, discipline, or punish public employees based on their constitutionally protected speech on matters of public concern made as private citizens. Alternatively, the Social Media Directive should be clarified so that it does not punish constitutionally protected speech that is not affecting the efficient operation and processes of the public employer;

C. An order granting Plaintiff judgment and an award of damages in an amount to be determined at trial.

D. An order awarding Plaintiff her costs of suit, including reasonable attorney's fees and expenses, pursuant to 42 U.S.C. § 1983 and § 1988.

E. That the Court award Plaintiff such additional and further relief as this Court deems equitable and just.

Dated October 14, 2020.

Respectfully submitted,

By: */s/ Ryan B. Hobbs*
Ryan B. Hobbs, Esq.
Fla. Bar No. 44179
**BROOKS, LEBOEUF, FOSTER,
  GWARTNEY, LEACE & HOBBS, P.A.**
909 East Park Avenue
Tallahassee, Florida 32301
850-222-2000 / 850-222-9757 (fax)
rhobbs@tallahasseeattorneys.com
jeanetta@tallahasseeattorneys.com

and

Cord Byrd, Esq.
Fla. Bar No. 134406
**LAW OFFICE OF CORD BYRD, P.A.**
1015 Atlantic Blvd., #281
Atlantic Beach, Florida 32233
Phone: 904-246-2404
cord@cordbyrdlaw.com
esther@cordbyrdlaw.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing has been sent to all counsel of record through electronic service utilizing the Court's CM/ECF system, this 14th day of October, 2020.

<u>/s/ *Ryan B. Hobbs*</u>
Ryan B. Hobbs